**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 19-2386**

───────────────

KENNETH PRITCHARD,

       Plaintiff – Appellant,

v.

METROPOLITAN WASHINGTON AIRPORTS AUTHORITY,

       Defendant – Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:18-cv-01432-AJT-TCB)

───────────────

Submitted:  May 7, 2021                     Decided:  May 21, 2021

───────────────

Before WILKINSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Richard R. Renner, KALIJARVI, CHUZI, NEWMAN & FITCH, P.C., Washington, D.C., for Appellant.  Joseph W. Santini, Lindsay A. Thompson, FRIEDLANDER MISLER, PLLC, Washington, D.C., for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Kenneth Pritchard brought suit alleging that defendant Metropolitan Washington Airports Authority created a hostile work environment and terminated his employment in retaliation for disclosures protected by Title VII, the American Recovery and Reinvestment Act, and the National Defense Authorization Act for Fiscal Year 2013. The district court granted summary judgment in favor of defendant on all claims. For substantially the reasons set forth by the district court, we affirm.

I.

Pritchard worked for the Metropolitan Washington Airports Authority (MWAA) from February 1988 until his termination in February 2017. At that time, he was a manager in the human resources department. Pritchard's termination followed an outside law firm's investigation into a complaint by one of Pritchard's subordinates that his treatment of her and others in the department caused her emotional and physical distress.

The investigation, which spanned from November 2016 to January 2017, involved the review of documents and emails and interviews of fourteen witnesses, including Pritchard and the complainant. The written report concluded:

> The evidence obtained, both from interviews and documents, supports the conclusion that Mr. Pritchard has repeatedly engaged in conduct that can be described as offensive, intimidating and disruptive. Witnesses confirm that he routinely yells at his subordinates; curses; aggressively gesticulates; and derides, denigrates, and disrespects his fellow managers and the Airports Authority executive leadership. His behavior has caused his subordinates discomfort, illness and emotional distress.

J.A. 120. It also found that Pritchard had been insubordinate and abused his position by using resources to track other MWAA managers and disregarding policy decisions by his

2

managers. The report ultimately concluded that Pritchard had violated multiple provisions of MWAA's Conduct and Discipline Directive and Workplace Violence Directive. J.A. 135. Based on the report, Pritchard was scheduled for termination in February 2017.

Between 2010 and 2016, Pritchard cooperated with investigations by the Department of Transportation, Office of Inspector General into MWAA's operations, reported what he saw as compliance issues, and generally voiced concerns about MWAA's executive leadership. Pritchard filed suit alleging that MWAA first subjected him to a hostile work environment and then fired him in retaliation for these legally protected activities, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, the National Defense Authorization Act for Fiscal Year 2013 (NDAA), 41 U.S.C. § 4712, and the American Recovery and Reinvestment Act (ARRA), Pub. L. No. 111-5, § 1553, 123 Stat. 115, 297–302 (2009).

After discovery, the district court granted MWAA's motion for summary judgment on all claims. The district court assumed that Pritchard had made the requisite *prima facie* showing for his retaliatory termination claim under Title VII. However, he failed to demonstrate that MWAA's legitimate, non-retaliatory reason for the termination—namely that an outside investigation corroborated a subordinate's complaints and revealed multiple violations of MWAA policy—was pretextual. As for his retaliatory hostile work environment claim under Title VII, the court found Pritchard failed to support a *prima facie* case because he merely suffered "minor workplace harms," rather than the requisite "severe or pervasive retaliatory harassment." J.A. 639–41.

3

Finally, the district court concluded that plaintiff's evidence did not establish viable claims under either the NDAA or ARRA. Only one disclosure "pertained to the use of federal funds" after July 1, 2013, as required by the NDAA. J.A. 644. But it was not protected activity because it did not relate to the necessary contracts, Pritchard had not made the disclosure to a "required person" under the Act, and he failed to establish a causal nexus between the disclosure and his termination. J.A. 644–46. As to the ARRA, there was "no evidence sufficient to establish the activities that were the subject of [Pritchard's] disclosure involved any 'covered funds.'" J.A. 647. Assuming the NDAA and ARRA recognized a hostile work environment claim, the complained of harms were again insufficient. And ultimately, there was "clear and convincing evidence that MWAA would have imposed the relied upon adverse personnel actions in the absence of any protected activities." *Id*. This appeal timely followed.

II.

This court reviews a district court's grant of summary judgment *de novo*, "viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 312 (4th Cir. 2018) (internal quotation marks and citation omitted). "An award of summary judgment is only appropriate if the record demonstrates that 'there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

A.

The district court properly granted summary judgment in favor of defendant on each of Pritchard's claims. As to Pritchard's claim that his termination was unlawful retaliation in violation of Title VII, we assume like the district court that Pritchard's evidence establishes a *prima facie* case. *See King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003). His claim fails in any event, however, because he fails to rebut MWAA's legitimate, non-retaliatory reason for the termination as pretextual.

As the district court noted, our inquiry is "not whether an employer's proffered explanation was correct or incorrect, but whether the employer honestly believed it was true and the real reason for its termination decision, as demonstrated by its reasonable reliance on the particularized facts that were before it at the time the decision was made." J.A. 633. Such is the case here. There is no genuine dispute that MWAA had before it a report by an outside law firm detailing abusive behavior by Pritchard that violated numerous provisions of the company's conduct directives. And Pritchard has not produced any reasonable evidentiary basis for questioning the veracity of MWAA's explanation. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989).

Summary judgment as to plaintiff's hostile work environment claim under Title VII was also proper. Pritchard's evidence simply demonstrates that some of his responsibilities were adjusted and he was supervised more than he preferred. These actions did not rise to the level of harassment necessary to support a hostile work environment case. *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 283–84 (4th Cir. 2015); *Thorn v. Sebelius*, 766 F. Supp. 2d 585, 600–01 (D. Md. 2011), *aff'd*, 465 F. App'x 274 (4th Cir. 2012). The

5

irony of plaintiff's claim is, moreover, apparent from the record. Any hostile work environment was one he created himself.

## B.

The district court was also correct to grant summary judgment in favor of MWAA on Pritchard's NDAA and ARRA claims. The NDAA and ARRA impose several requirements for a disclosure to be protected. *See* 41 U.S.C. § 4712(a)–(c); ARRA, Pub. L. No. 111-5, § 1553(a)–(c), 123 Stat. 115, 297–302 (2009). Even assuming Pritchard's evidence meets these requirements, MWAA has demonstrated by clear and convincing evidence that it "would have taken the action constituting the reprisal in the absence of the disclosure." ARRA § 1553(c)(1)(B); *see also* 41 U.S.C. § 4712(c)(6) (NDAA adopting burdens of proof under 5 U.S.C. § 1221(e)(2)). As outlined above, MWAA terminated Pritchard because an investigation corroborated a subordinate's complaint that his belligerent behavior was causing her and others physical and emotional harm.[*]

\* \* \*

The district court's grant of summary judgment in favor of MWAA is

*AFFIRMED*.

---

[*] Accordingly, we dismiss MWAA's motion for summary disposition as moot.